UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT COLOZZI, on behalf of himself and all
other employees similarly situated, et al.,

                    Plaintiffs,

   -v-                                    5:08-CV-1220

ST. JOSEPH'S HOSPITAL HEALTH CENTER, et al.,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

DOLAN, THOMAS & SOLOMON LLP        PATRICK J. SOLOMON, ESQ.
Attorneys for Plaintiffs                     J. NELSON THOMAS, ESQ.
693 East Avenue                                JUSTIN M. CORDELLO, ESQ.
Rochester, NY 14607                       MICHAEL J. LINGLE, ESQ.
                                                      SARA E. ROOK, ESQ.

COSTELLO, COONEY & FEARON, PLLC   ROBERT J. SMITH, ESQ.
Attorneys for Defendants                  DENNIS P. HENNIGAN, ESQ.
205 South Salina Street                  EDWARD G. MELVIN, ESQ.
Fourth Floor                                        MICHAEL A. TREMONT, ESQ.
Syracuse, NY 13202                        NICOLE M. MARLOW-JONES, ESQ.

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

       Defendants St. Joseph's Hospital Health Center and related entities and individuals ("defendants" or "St. Joseph's") moved for partial summary judgment dismissing certain opt-in plaintiffs ("disputed plaintiffs") from this action. Plaintiffs opposed and defendants replied. Oral argument was heard on March 24, 2010, in Utica, New York. Decision was reserved.

## II. BACKGROUND[1]

Disputed plaintiffs opted-in to this class action pursuant to a Notice and Consent Form in form and substance as directed by Magistrate Judge David Peebles.  (June 8, 2009, Order Doc. No. 143, appeal denied, Aug. 26, 2009, Order Doc. No. 176.)  The class has been preliminarily certified as follows:

> All present and former hourly employees of the St. Joseph's Hospital Health Center, including but not limited to registered nurses, licensed practical nurses, nurse practitioners, and certified nurses' assistants, with direct patient care responsibilities who have been subject to automatic meal break deductions through use of the Kronos system, and who have or may have worked through or during unpaid meal breaks without compensation at any time during the past three years.

(Jan. 26, 2009, Order Doc. No. 101.)

Magistrate Judge Peebles set forth a procedure for review of improper opt-ins by the parties, concluding with defendants making a motion for partial summary judgment as to those allegedly improper opt-ins about which the parties could not agree.  In sum, there were sixteen disputed plaintiffs about which the parties could not agree, the subjects of the current motion.

Prior to the hearing on this motion disputed plaintiffs Deborah Chrissley, Brenda Ocampo, and Christopher Lanz were voluntarily dismissed from this action.  Twelve of the remaining disputed plaintiffs left defendant's employ more than three years prior to opting-in to this lawsuit.  Defendants contend that there is no record of the two remaining disputed plaintiffs ever having worked for St. Joseph's.

---

[1] Additional background is set forth in Colozzi v. St. Joseph's Hosp. Health Center, No. 6:08-CV-1219, 2009 WL 2045326 (N.D.N.Y. May 27, 2009).

### III. SUMMARY JUDGMENT STANDARD

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Id. Then the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id.

### IV. DISCUSSION

It is undisputed that each of the disputed plaintiffs did not work for St. Joseph's during the last three years prior to opting in, as follows:

| Disputed Plaintiff | Termination Date | Opt-in Date |
|---|---|---|
| Deborah Body | 9/26/2004 | 11/18/2008 |
| Beverly Brown (Joyce) | 4/17/1998 | 12/5/2008 |
| Kathleen Burnham | 1/23/1998 | 11/18/2008 |
| Tammie Burroughs | 11/10/1997 | 11/18/2008 |
| Kathleen Custeau | 5/2/1998 | 11/18/2008 |
| Colleen Jackson | 6/17/1998 | 11/18/2008 |
| Jill Kasten | 10/9/2004 | 11/18/2008 |
| Brian Lancer | 8/1/1998 | 11/18/2008 |
| John Palmieri | 4/28/2005 | 11/18/2008 |
| Joseph C. Shackleton | 2/12/2004 | 8/10/2009 |
| Cynthia Wernet | 4/17/2003 | 11/18/2008 |

The class was certified as direct patient care workers who "worked through or during unpaid meal breaks without compensation at any time during the past three years." (Jan. 26, 2009, Order Doc. No. 170 (emphasis added).) Based upon the undisputed facts the above-listed

disputed plaintiffs did not work for defendants during the past three years, therefore they necessarily fall outside the certified class and must be dismissed.[2]

Defendants assert that they have no record of employing Toni David ("David") or Rakiesha Griffin ("Griffin").  In response, David set forth in a sworn affirmation that she was employed by St. Joseph's as a certified nurse assistant from September 2006 to October 2007.  David opted in on November 18, 2008.  (Lingle Aff. Ex. K Doc. No. 206-1.)  Thus, a question of material fact exists as to whether she worked for defendants during the three years prior to opting in, and she will not be dismissed.

Griffin also submitted a sworn affirmation, stating that she was employed as a certified nurse assistant at St. Joseph's from 2005 to May 2006.  (Lingle Aff. Ex. A Doc. No. 206-1.)  However, the December 22, 2009, letter from her counsel stated that Griffin's dates of employment were 2000-2001.  (Smith Aff. Ex. D Doc. No. 196-6.)  Additionally, plaintiffs' response to defendants' statement of undisputed facts also states that Griffin's dates of employment were 2000-2001.  (Pltfs.' Resp. Statement of Material Facts No. 3 Doc. No. 205-1.)  Griffin cannot create a question of fact with a self-serving affirmation that contradicts prior

---

[2] It is noted that plaintiffs argue equitable estoppel and tolling.  It is unnecessary to address these doctrines as the motion is resolved because these disputed plaintiffs fall outside the class.  Furthermore, plaintiffs did not appeal the Order certifying the class to assert equitable estoppel and tolling.  Rather, plaintiffs raised equitable estoppel and tolling in a later appeal of the Magistrate Judge's decision of June 8, 2009, restricting unsolicited communications with putative class members.  With this argument plaintiffs sought to toll the statute of limitations from January 26, 2009, when the class was certified to the time when notice was actually issued.  (Pltfs.' 6-11-09 Mem. Doc. No. 145 at 8-12.)  Thus, it is only now after years of litigation that plaintiff essentially seeks to set aside the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, statute of limitations.  This is inapposite now that the class has been certified as those who worked during meal breaks without being paid at any time during the last three years.

Again, at issue is whether the disputed plaintiffs qualify as class members.  The statute of limitations is a separate question.  Disputed plaintiffs who do not qualify as class members in this collective action may bring a separate FLSA action and argue that there is no statute of limitations bar due to equitable estoppel and/or tolling.

admissions. Thus, it is an undisputed fact that she was not employed by defendants within three years of her opt-in on November 18, 2008, and she will be dismissed.

## IV. CONCLUSION

Thirteen of the disputed plaintiffs do not meet the definition of the class and therefore must be dismissed. The fourteenth disputed plaintiff has set forth facts to create a genuine issue of material fact and defeat defendants' motion.

Accordingly, it is

ORDERED that

1. Defendants' motion for partial summary judgment is GRANTED in part and DENIED in part;

2. DEBORAH BODY, BEVERLY BROWN (JOYCE), KATHLEEN BURNHAM, TAMMIE BURROUGHS, KATHLEEN CUSTEAU, COLLEEN JACKSON, JILL KASTEN, BRIAN LANCER, JOHN PALMIERI, JOSEPH C. SHACKLETON, CYNTHIA WERNET, and RAKIESHA GRIFFIN are DISMISSED from this action; and

3. TONI DAVID remains a plaintiff in this action.

IT IS SO ORDERED.

United States District Judge

Dated: March 26, 2010
      Utica, New York.