UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------

ROBERT COLOZZI; TAMMY AIKEN; and
CHRISTINE CORREIA; on behalf of themselves
and all other employees similarly situated,

                              Plaintiffs,

    -v -                                      5:08-CV-1220

ST. JOSEPH'S HOSPITAL HEALTH CENTER;
THEODORE M. PASINSKI; FRANK PANZETTA;
ST. JOSEPH'S HEALTH CENTER PROPERTIES
INC.; ST. JOSEPH'S HOSPITAL HEALTH CENTER
FOUNDATION, INC.; AUXILIARY OF ST. JOSEPH'S
HOSPITAL HEALTH CENTER, INC.; ALUMNI
ASSOCIATION ST. JOSEPH'S COLLEGE OF
NURSING INC.; ST. JOSEPH'S HEALTH CENTER
MEDICAL OFFICE BUILDING, LLC; and
ST. JOSEPH'S HOSPITAL HEALTH CENTER
EMPLOYEES 401K SAVINGS AND RETIREMENT
PLAN AND TRUST,

                              Defendants.
--------------------------------------

| APPEARANCES: | OF COUNSEL: |
|---|---|
| THOMAS & SOLOMON LLP<br>Attorneys for Plaintiffs<br>693 East Avenue<br>Rochester, NY 14607 | PATRICK J. SOLOMON, ESQ.<br>GUY A. TALIA, ESQ. |
| COSTELLO, COONEY & FEARON, PLLC<br>Attorneys for Defendants<br>205 South Salina Street<br>4th Floor<br>Syracuse, NY 13202 | EDWARD G. MELVIN, ESQ. |

DAVID N. HURD
United States District Judge

# ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

WHEREAS, on or about May 14, 2013, Named Plaintiffs Robert Colozzi, Tammy Aiken and Christine Correia, for themselves and on behalf of the Opt-In Plaintiffs and proposed Settlement Classes, on the one hand, and St. Joseph's Hospital Health Center, for itself and on behalf of the other Defendants in this Action, on the other hand, entered into a Settlement Agreement, contingent on Court approval; and

WHEREAS, on May 24, 2013, the Parties filed a Joint Motion for Preliminary Approval of the Settlement; and

WHEREAS, on July 3, 2013, the Court entered an Order granting preliminary approval of the Settlement, and preliminarily certifying the Settlement Classes (the "Preliminary Approval Order"); and

WHEREAS, pursuant to Federal Rule of Civil Procedure 23, the Court directed that Notice of the proposed Settlement and the applicable procedures and schedules be sent to the members of the Settlement Classes (the "Class Members"); and

WHEREAS, pursuant to Federal Rule of Civil Procedure 23, Class Members were given the opportunity to object to the Settlement and/or to request to be excluded from the Settlement Classes; and

WHEREAS, on October 11, 2013, Class Counsel filed a Motion for Final Approval of the Settlement, an Award of Service Payments to the Named Plaintiffs and Opt-in Plaintiffs, and an Award of Attorneys' Fees and Costs, which motion was not opposed by Defendants; and

WHEREAS, on November 1, 2013, the Court held a Final Approval Hearing;

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Settlement Agreement, and all papers filed and proceedings held in this Action, as follows:

1. Capitalized terms used in this Order and not otherwise defined herein shall have the definitions assigned to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this Action and over all Parties to the Action, including all Class Members.

3. The Settlement Agreement, and the Settlement contained therein, is hereby fully, finally, and unconditionally approved in all respects, and the Parties are hereby directed to implement its terms. The Court finds that the Settlement is fair, reasonable, and adequate in all respects. The Court finds that the Settlement is fair, reasonable, and adequate as to each member of the Settlement Classes. The Court finds that extensive investigation, research, and litigation has been conducted such that counsel for all Parties are able to evaluate the respective risks of further litigation, including the additional costs, uncertainty, and delay associated with further prosecution of this Action. The Court also finds that the Settlement is the result of good faith, extensive, arms' length negotiations between experienced counsel with the assistance of an independent and knowledgeable mediator.

4. The Court finds that the Settlement warrants final approval pursuant to Federal Rule of Civil Procedure 23(e) because it is fair, adequate, and reasonable to the Settlement Classes based upon: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the Class Members to the Settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the Defendants to withstand a greater judgment; (8) the reasonableness of the

settlement fund in light of the best possible recovery; and (9) the reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

5. The Court confirms as final its certification of the Settlement Classes, as defined in the Settlement Agreement and in Paragraph 3 of this Court's July 3, 2013 Preliminary Approval Order.

6. The Court confirms as final its finding that Named Plaintiffs Robert Colozzi, Tammy Aiken and Christine Correia are adequate class representatives for the Settlement Classes, and confirms as final its appointment of them as class representatives of the Settlement Classes.

7. The Court confirms as final its finding that Patrick J. Solomon, Esq. and Guy A. Talia, Esq. of the law firm of Thomas & Solomon, LLP are adequate to serve as Class Counsel for the Settlement Classes, and confirms as final its appointment of them as Class Counsel for the Settlement Classes.

8. The Notice and Claim Form that were sent to the Settlement Classes pursuant to this Court's July 3, 2013 Preliminary Approval Order were accurate, objective and informative and were the best practicable means of providing reasonable notice to Class Members of, among other things: (a) the proposed Settlement and its effect, (b) the process available to them to request a payment under the Settlement, (c) how they could object or opt-out, (d) the time and place of the Final Approval Hearing, and (e) the applications to be made by Class Counsel for (i) attorneys fees and costs and (ii) service payments for the Named Plaintiffs and Opt-In Plaintiffs. The Court finds that notice of these matters to the Class Members was accomplished in all material respects and that such notice fully met the requirements of

Federal Rule of Civil Procedure 23, due process, the Constitution of the United States, the laws of the State of New York, and all other applicable laws.

9. The Settlement and the Settlement Agreement are binding in all respects on the Named Plaintiffs and all Class Members who did not timely submit a valid and effective written request for exclusion from the Settlement Classes pursuant to the provisions of Section 9(b) of the Settlement Agreement and Paragraph 14 of this Court's July 3, 2013 Preliminary Approval Order.

10. The Court finds that the Settlement Agreement's provisions for the funding of the settlement Escrow Account and for the distribution of funds from that account, including, without limitation, the Settlement Agreement's provisions for the calculation and payment of individual awards to Claimants are fair, reasonable, and adequate. The Court orders that the Escrow Account be funded and that payments be made according to the provisions of the Settlement Agreement following the Effective Date of the Agreement.

11. The Court finds that the Administrative Costs in the amount of $63,937.50 are reasonable and approves payment to the Administrator of such Administrative Costs from the settlement Escrow Account as specified in the Settlement Agreement following the Effective Date of the Agreement.

12. The Court has reviewed the Releases set forth in Section 15 of the Settlement Agreement and the Claim Form and finds that they are fair, reasonable, and enforceable under the Fair Labor Standards Act and all other applicable laws. Class Members are accordingly forever barred and enjoined from prosecuting the Released Claims against the Released Parties.

13. The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendants do not admit any violation of law and do not admit any liability to the Named Plaintiffs or the Settlement Classes, individually or collectively. Neither the Settlement Agreement nor any other papers submitted to this Court in connection with the Settlement shall be deemed an admission of any kind by any of the Parties or used as evidence against any of the Parties for any purpose in this Action or any other suit, action, or proceeding, except that the Agreement may be introduced in any proceeding for the sole purpose of enforcing its terms.

14. If, for any reason, the Effective Date of the Settlement Agreement does not occur, the Settlement Agreement shall be deemed null and void, and shall not be used for any purpose whatsoever in any further proceeding(s) in the Action or in any other suit, action, or proceeding; the Court's certification of the Settlement Classes shall be void and of no effect; this Order shall be vacated; and the Parties will be returned to their respective positions nunc pro tunc as those positions existed immediately prior to the execution of the Settlement Agreement.

15. In accordance with Sections 5 and 11 of the Settlement Agreement, Class Counsel is hereby awarded attorneys' fees and costs (including Plaintiffs' mediation fees and costs) in the amount of $497,937.50, to be paid from the settlement Escrow Account as specified in the Settlement Agreement following the Effective Date of the Agreement. This award represents 33.2% of the Total Settlement Amount. Such an award is reasonable in light of the effort expended and the risk undertaken by Class Counsel and the results of such efforts.

16. In accordance with Section 6 of the Settlement Agreement, Named Plaintiffs Robert Colozzi, Tammy Aiken and Christine Correia are hereby awarded service payments in the amount of $5,000 each, to be paid from the settlement Escrow Account as specified in the Settlement Agreement following the Effective Date of the Agreement.

17. In accordance with Section 6 of the Settlement Agreement, the Opt-In Plaintiffs (as defined in Section 6 of the Settlement Agreement) who have not timely submitted a valid and effective written request for exclusion from the Settlement Classes pursuant to the provisions of Section 9(b) of the Settlement Agreement and Paragraph 13 of this Court's July 3, 2013 Preliminary Approval Order are hereby awarded service payments in the amount of $100 each, to be paid from the settlement Escrow Account as specified in the Settlement Agreement following the Effective Date of the Agreement.

18. The service payments awarded above are to compensate the Named Plaintiffs for the risks borne in commencing the Action and to compensate them and the Opt-In Plaintiffs for the time and effort expended in assisting in the prosecution of the Action. These service payments are in addition to any amounts the Named Plaintiffs or Opt-In Plaintiffs may otherwise receive from the Settlement as members of the Settlement Classes under the Settlement Agreement.

19. Upon the Effective Date of the Settlement Agreement, this Action shall be deemed dismissed with prejudice in its entirety. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement and this Order. The Court shall retain jurisdiction over this Action for the purpose of resolving any issues relating to the administration, implementation, or enforcement of the Settlement Agreement and this Order.

20. The Court finds that the Defendants properly and timely notified the appropriate state and federal officials of the Settlement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, and orders that Defendants have fully complied with 28 U.S.C. § 1715.

IT IS SO ORDERED.

_____
United States District Judge

Dated: November 1, 2013
    Utica, New York.